IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

REBECCA D. POINDEXTER-LYNCH, )
HAROLD A. LYNCH, )
)
      Plaintiffs, )
)
vs. ) No. 05 C 2440
)
CHRISTOPHER SHEETS, )
WALTER SHEETS, )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Rebecca Poindexter-Lynch and Harold Lynch brought this action against defendants Christopher and Walter Sheets, and they allege that defendants breached a real estate contract by refusing to sell them a house that they agreed to purchase. Along with the complaint, plaintiffs filed a petition to proceed *in forma pauperis*. For the following reasons plaintiffs' suit is dismissed without prejudice and their petition is denied.

Pursuant to 28 U.S.C. § 1915(a) we may authorize plaintiff to proceed *in forma pauperis* if he demonstrates an inability to pay the required costs and fees. Plaintiffs state that their yearly salary is $22,000, but that they also have three dependents: two teenagers and one adult. They have no property valued in excess of $1000, lack savings, and receive no other income. Plaintiffs do state that they received $900 in rent payments, but this may be outgoing rather than incoming income, as they note that it was received by "landlord." Plaintiffs have not fully complied with the financial affidavit – missing is plaintiff Harold Lynch's signature. This deficiency can be cured easily. Plaintiffs have arguably demonstrated financial need, but in light of the outcome set forth below there is no need to submit a completed affidavit.

As part of the initial review of a petition to proceed *in forma pauperis*, we analyze the claims and dismiss the complaint if we determine that the action is frivolous or malicious, it fails to state a claim upon which relief may be granted, or seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v Debruyn, 13 F.3d 1036, 1039 (7th Cir. 1994). In reviewing the petition we apply the standard used in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and take petitioner's allegations as true. Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). We dismiss a claim only if it appears beyond a doubt that there exist no facts to support the allegations. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Complaints by *pro se* parties are held to less stringent standards than pleadings drafted by lawyers. Alvarado v. Itscher, 267 F.3d 648, 651 (7th Cir. 2001).

Plaintiffs apparently contracted with defendants to buy a house located at 1829 Joanna Ave. in Zion, Illinois, for $65,000. Plaintiffs claim that they took out loans to finance the purchase; however, they allege that at the closing date "Mr. Walter Sheets changed his mind or his son was playing mind games" and the sale never happened. Plaintiffs seek the $65,000, or the property, and costs spent for repairs to that property. It is unclear how, why, or if, defendants ever received the purchase price if they never transferred the property. Indeed, many things are unclear, due in large part to the nature of the complaint, which is a disjointed narrative that includes many irrelevant or, at best, tangentially related facts. A string of hardships apparently beset plaintiffs, but it is impossible to discern how they relate to the aborted transaction. Ambiguities are construed in a *pro se* plaintiff's favor, but we need not "invent factual scenarios that cannot be reasonably inferred from the pleadings." Smith-Bey v. Hospital Adm'r, 841 F.2d 751, 758 (7th Cir. 1988).

Yet, plaintiffs' action must be dismissed for a more fundamental reason. This court has limited jurisdiction and cannot hear every case in which a party claims a wrong, even if she/he has been wronged. Plaintiffs bring a breach of contract claim which sounds in state law, and for jurisdiction to exist the amount in controversy must exceed $75,000, and defendants cannot be citizens of Illinois. Here plaintiffs seek $65,000, and even if other costs are added to boost that amount over the threshold, plaintiffs state that defendants, as well as plaintiffs, are citizens of Illinois; thus, the court lacks subject matter jurisdiction, warranting the dismissal of plaintiffs' action. Turner/Ozanne v. Hyman/Power, 111 F.3d 1312, 1318 (7th Cir. 1997); Okoro v. Bohman, 164 F.3d 1059, 1063 (7th Cir. 1999).

## CONCLUSION

For the foregoing reasons, plaintiffs' action is dismissed, without prejudice, and their petition to proceed *in forma pauperis* is denied. Plaintiffs must pursue any claim in state court.

James B. Moran
JAMES B. MORAN
Senior Judge, U. S. District Court

April 28, 2005.